# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

CMA CGM S.A.,

          **Plaintiff,**

v.                                      **Case No. 2:17-cv-00356**

**A&A INTERNATIONAL SHIPPING, INC.,**

          **Defendant.**

## DEFAULT JUDGMENT IN A CIVIL CASE

**IT IS ORDERED AND ADJUDGED** that the plaintiff, **CMA CGM S.A.,** recover of the defendant, **A&A INTERNATIONAL SHIPPING, INC.,** the amount in the total amount of $56,502.91, with prejudgment interest calculated in accordance with Va. Code § 6.2-302 and accruing from July 6, 2017, until the date of entry of judgment and post-judgment interest calculated in accordance with 28 U.S.C. § 1961 and accruing from the date of entry of judgment.

DATED: 3/7/2018

                                     FERNANDO GALINDO, CLERK

                                     By: _____ /s/ _____
                                              Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

CMA CGM S.A.,

      Plaintiff,

      v.

A&A INTERNATIONAL SHIPPING, INC.,

      Defendant.

```
                    FILED
                    ⁻ 7 /0i9
        CLERK, U.S. DISTRICT COURT
             NORFOLK, VA
```

CIVIL NO. 2:17cv356

## ORDER

This matter comes before the Court upon an unopposed Motion for Default Judgment filed by CMA CGM S.A. ("CMA" or "Plaintiff"). ECF No. 6. For the reasons set forth below, the Court hereby **GRANTS** Plaintiff's Motion for Default Judgment and **ORDERS** the Clerk to enter judgment in favor of Plaintiff and against defendant A&A International Shipping, Inc. ("Defendant") on Plaintiff's breach of contract claim in the total amount of $56,502.91, with prejudgment and postjudgment interest as set forth in this Order.

## I.     PROCEDURAL BACKGROUND

On July 6, 2017, CMA, a carrier of ocean cargo containers, filed the instant lawsuit against Defendant alleging breach of two service contracts wherein CMA agreed to ship certain cargo of Defendant on CMA's vessels (collectively "Service Contracts") (Count I). Compl., ECF No. 1, at 4. In the alternative to Count I, CMA's complaint brings claims for a Suit on an Open Account (Count II); Account Stated (Count III); and Quantum Meruit/Unjust Enrichment (Count IV). Id. at 4–6. The complaint seeks damages in the amount of $56,502.91, which, according to CMA, represents the sum for which Defendant has been invoiced by CMA pursuant to the Service Contracts but Defendant has failed to pay. Id. at 5, 7.

On August 7, 2017, the Secretary of the Commonwealth filed its Certificate of

Compliance showing proof of service upon Defendant pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Va. Code § 13.1–637(B). ECF No. 3. To date, Defendant has not filed an answer or otherwise appeared. On September 19, 2017, Plaintiff asked the Clerk to enter default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 4. The Clerk entered default the next day. ECF No. 5. On November 9, 2017, Plaintiff filed the instant Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Rule 55(b)"), ECF No. 6, along with a supporting memorandum, declaration, and several exhibits, ECF No. 7. On February 21, 2018, the Court conducted a hearing on such motion, at which the Defendant or any representative thereof failed to appear. ECF No. 8.

## II.    JURISDICTION AND VENUE

"A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment." Dutan v. Sheet Metal Remodeling, LLC, 48 F. Supp. 3d 860, 865–66 (E.D. Va. 2014). Plaintiff alleges that the Court has subject matter over this case because it falls within its "admiralty and maritime jurisdiction" under 28 U.S.C. § 1333. Compl., ECF No. 1, ¶ 1. The essential criterion for whether a court has admiralty jurisdiction over contract claims is whether the contract has "reference to maritime service or maritime transactions." Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24 (2004) (citation omitted). Here, the Court finds that it has jurisdiction over Plaintiff's contract claim because the Service Contracts at issue have the "primary objective" of transporting goods by sea and therefore are maritime contracts for purposes of this Court's admiralty jurisdiction under 28 U.S.C. § 1333. Id.

The Court also finds that it has personal jurisdiction over Defendant because Defendant contractually agreed to personal jurisdiction in this district through the forum-selection clause in the Service Contracts at issue. See Service Contract No. 13-0131, ECF No. 7-2, at 13 ("Law and Jurisdiction"); Service Contract No. 15-0318, ECF No. 7-4, at 54 ("Term 14(a) – Law and

Jurisdiction"). Venue is also proper because the parties agreed to personal jurisdiction in this Court and because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. <u>See</u> 28 U.S.C. § 1391(b)(2).

## III. APPLICABLE LAW

CMA asks the Court to enter default judgment against Defendant under Rule 55(b)(2). Rule 55, which governs default judgments, sets out a two-step process for acquiring such a judgment. First, the plaintiff must secure an entry of default under Rule 55(a). Where, as here, the plaintiff has appropriately secured an entry of default by the Clerk, "a plaintiff may then move for entry of default judgment." <u>S. Bank & Trust Co. v. Pride Grp., LLC</u>, No. 2:14cv255, 2015 WL 410726, at *3 (E.D. Va. Jan. 28, 2015) (emphasis removed). Rule 55(b) outlines two procedural avenues for entering a default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," subsection (b)(1) applies. Fed. R. Civ. P. 55(b)(1). Under this subsection, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted . . . ." <u>Id.</u> If, on the other hand, the plaintiff's claim is not for a sum certain, subsection (b)(2) applies and "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Whether plaintiff's request for a default judgment is brought under subsection (b)(1) or (b)(2), the Court must determine whether the complaint states a valid cause of action. <u>Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians</u>, 155 F.3d 500, 505 (4th Cir. 1998). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" except those relating to the amount of damages. <u>Ryan v. Homecomings Fin. Network</u>, 253 F.3d 778, 780 (4th Cir. 2001) (quoting <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the

3

amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). As a result, "the appropriate inquiry is whether the facts as alleged state a claim." Globalsantafe Corp. v. Globalsantafe.Com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

In its complaint, CMA alleges breach of maritime contracts, specifically, two Service Contracts for shipping cargo in carrier containers across the ocean. Therefore, federal maritime law governs these contracts generally. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310 (1955). However, where no federal statute or well-established rule of admiralty exists, the applicable state law shall apply. Id. Here, the Service Contracts contain a choice-of-law provision stating that the contracts "shall be subject to the U.S. Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 ("OSRA") and shall otherwise be construed and governed by the law of the Commonwealth of Virginia." See Service Contract No. 13-0131, ECF No. 7-2, at 13 ("Law and Jurisdiction"); Service Contract No. 15-0318, ECF No. 7-4, at 54 ("Term 14(a) – Law and Jurisdiction").

Under Virginia law, to prevail on a breach of contract claim, a plaintiff must prove "(1) a legally enforceable obligation of a defendant to the plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 135 (Va. 2009). Damages are recoverable only to the extent that they can be established with reasonable certainty. Id.

## IV.   LIABILITY

CMA moves for default judgment on its breach of contract claim. The following facts are established by the complaint, ECF No 1, and the Declaration of Marcelo Messiano ("Decl.") and supporting exhibits that were submitted in support of CMA's request for entry of default judgment, ECF No. 7-1.

CMA is a foreign company, which, through its United States Agent, CMA CGM(America) LLC, maintains a principal place of business in Norfolk, Virginia. Compl, ECF No. 1, ¶ 3. CMA is an ocean cargo container carrier. Id. As of the filing of the complaint, Defendant was a California corporation with its principal place of business in California. Id. ¶ 4. On or about February 12, 2013, CMA and Defendant entered into a service contract, Contract No. 13-0131, to ship certain cargo on CMA's vessels. Id. ¶ 5; see Decl. ¶ 6; ECF No. 7-2. On March 13, 2015, CMA and Defendant entered into a similar service contract, Contract No. 15-0318, to provide the same types of services. Compl., ECF No. 1, ¶ 5; see Decl. ¶ 6; ECF Nos. 7-3, 7-4, 7-5. These two contracts, including their subsequent amendments, are hereinafter collectively referred to as the "Service Contracts." Copies of these Service Contracts are attached as Exhibit 2 to Mr. Messiano's declaration. Decl. ¶ 6; see ECF Nos. 7-2 – 7-5.

By the express terms of the Service Contracts, the "Merchant" (Defendant) is required to pay the "Carrier's" (CMA's) detention and demurrage charges, including related storage charges, whenever the Carrier's equipment is kept beyond the free time allowed. Decl. ¶ 8; see, e.g., Contract No. 13-0131, ECF No. 7-2 at 12 ("Term 12"); Contract No. 15-0318, ECF No. 7-4 at 23 ("Term 9"). The Service Contracts also require the "Shipper" (Defendant) to pay any taxes or fees levied by any government entity or port or harbor authority, including those associated with clean air requirements. See Contract No. 15-0318, ECF No.7-3 at 6 ("Term 7"). The "Shipper" (Defendant) is also required to secure a chassis at its own expense if one is needed for shipments designated for Port or Container Yard delivery. See id. at 88 ("Term 6").

The Service Contracts also expressly incorporate the "Carrier's duly issued Bill of Lading" and all of the terms and conditions contained therein. See, e.g., Contract No. 13-0131, ECF No. 7-2 at 12 ("Term 12"); Contract No. 15-0318, ECF No.7-3 at 9 ("Term 3"). CMA duly

issued numerous Bills of Lading for various shipments booked by Defendant pursuant to these Service Contracts. Decl. ¶ 9. Twenty-two such Bills of Lading are attached as Exhibit 3 to Mr. Messiano's declaration. Id.; see ECF No. 7-6. The terms and conditions of these Bills of Lading are attached as Exhibit 4 to Mr. Messiano's declaration. Decl. ¶ 13; see ECF No. 7-7. Pursuant to these terms and conditions, the "Merchant" (Defendant) is required to bear the costs of several fees, including storage fees, ECF No. 7-7 at 7, § 11(2); cancellation of booking fees, id. at 8, § 12(1); disposal fees, id. at 9, § 13; and "all duties, taxes, fines, imposts, expenses or losses" incurred by reason of Merchant's failure to comply with "all regulations or requirements of customs, port and other authorities," id. at 15, § 26(4).

Between 2015 and 2016, CMA issued numerous invoices to Defendant – each associated with one of the above-referenced Bills of Lading – that, to date, Defendant has failed to pay in full. Decl. ¶ 14. Copies of these invoices are attached to Mr. Messiano's declaration as Exhibit 5. Id.; see ECF No. 7-8. These invoices seek payment for various fees owed by Defendant under the Service Contracts, including but not limited to detention and demurrage charges, cancelled booking fees, port and terminal fees, and chassis surcharges. ECF No. 7-8. Mr. Messiano avers that the unpaid portions of these invoices total $56,502.91, as reflected in CMA's accounting sheet. Decl. ¶ 15; see ECF No. 7-8 at 1. Mr. Messiano further avers that all unpaid portions reflect fees and charges that Defendant is required to pay under the Service Contracts and the incorporated Bills of Lading but which Defendant has failed to pay. Decl. ¶ 13.

Based on the above facts, which are deemed admitted by the defaulting Defendant, the Court **FINDS** that CMA has stated a claim for breach of contract against Defendant and that entry of default judgment is appropriate under Rule 55(b).

## V.    DAMAGES

In its Motion for Default Judgment, CMA requests that the Court enter default judgment against Defendant for $56,502.91, plus interest thereon.   ECF No. 7 at 6.   Upon review of CMA's complaint, the Service Contracts, Mr. Messiano's declaration, the attached invoices, and CMA's accounting sheet, the Court **FINDS** that the unpaid principle amount of $56,502.91 has been established with reasonable certainty.

## VI.    CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Default Judgment, ECF No. 6, and **ORDERS** the Clerk to enter default judgment in favor of Plaintiff CMA CGM S.A. and against Defendant A&A International Shipping, Inc. on Plaintiff's breach of contract claim in the total amount of $56,502.91, with prejudgment interest calculated in accordance with Va. Code § 6.2-302 and accruing from July 6, 2017, until the date of entry of judgment and postjudgment interest calculated in accordance with 28 U.S.C. § 1961 and accruing from the date of entry of judgment.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 7, 2018